IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| WENDY J. HIX, | : | BANKRUPTCY NO.: 5-09-bk-08029 |
| f/d/b/a WASH AND ROLL, | : | [Doc. #31] |
| DEBTOR | : | |

---

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| AMERICAN AUTO MECCA, INC., | : | BANKRUPTCY NO.: 5-09-bk-06378 |
| d/b/a AMERICAN AUTO MECCA, | : | |
| AMERICAN AUTO MECCA LEASING, | : | |
| DEBTOR | : | |
| | : | |
| WILLIAM G. SCHWAB, Trustee for the Estate of American Auto Mecca, Inc., d/b/a American Auto Mecca, American Auto Mecca Leasing, and Trustee for the Estate of Wendy J. Hix f/d/b/a Wash and Roll, MOVANT | : | {**Nature of Proceeding**: Motion for Sale of Vehicles Free and Clear of Liens and Encumbrances or other Interests and to Direct Cumru Township Police Dept. of the Commonwealth of Pennsylvania to Release Impounded Vehicles to the Trustee [Doc. #91]} |
| vs. | : | |
| INTERNAL REVENUE SERVICE, PA DEPARTMENT OF REVENUE, PA DEPARTMENT OF LABOR AND INDUSTRY, CUMRU TOWNSHIP POLICE DEPT., BERKS COUNTY DISTRICT ATTORNEY, COUNTY OF BERKS, RESPONDENTS | : | |

**********************************************************************************
**********************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| WENDY J. HIX, | : | BANKRUPTCY NO.: 5-09-bk-08029 |
| f/d/b/a WASH AND ROLL, | : | [Doc. #37] |
| DEBTOR | : | |

---

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| AMERICAN AUTO MECCA, INC., | : | BANKRUPTCY NO.: 5-09-bk-06378 |
| d/b/a AMERICAN AUTO MECCA, | : | |

[K:\Cathy\Opinions-Orders filed 2010\5-09-bk-06378_Am_Auto_Mecca_09-bk-8029_Hix.pdf]

AMERICAN AUTO MECCA LEASING, :
DEBTOR :
:
WILLIAM G. SCHWAB, Trustee for the Estate of American Auto Mecca, Inc., d/b/a American Auto Mecca, American Auto Mecca Leasing, and Trustee for the Estate of Wendy J. Hix f/d/b/a Wash and Roll,
MOVANT

vs.

INTERNAL REVENUE SERVICE,
PA DEPARTMENT OF REVENUE,
PA DEPARTMENT OF LABOR AND INDUSTRY,
AMY CARABELLO, dba, THE AUTO KING,
DONALD A. SNOWELL,
CUMRU TOWNSHIP POLICE DEPT.,
COUNTY OF BERKS,
BERKS COUNTY DISTRICT ATTORNEY,
RESPONDENTS

{**Nature of Proceeding**: Motion for Sale of Vehicles Title in the Auto King Free and Clear of Liens and Encumbrances or other Interests and to Direct Cumru Township Police Department to Release all Impounded Vehicles to the Trustee [Doc. #106]}

# OPINION

The Trustee has filed two Motions in each of the above-captioned bankruptcy cases, i.e., Wendy Hix and American Auto Mecca, Inc. Though the two Motions are different, the same Motions were filed in each case. Each Motion is requesting Orders authorizing the free and clear sales of vehicles presumably owned by one of the Debtors. (Documents # 91 and #106 in the American Auto Mecca, Inc. [5-09-bk-06378] and documents #31 and #37 in the Hix [5-09-bk-08029] case.) While there are multiple Respondents who did not answer or object to the Motions, one, Donald Snowell, named on the second of the two Motions (Documents #106 and #37), did strenuously object to the Trustee's Motion. (Document #119 in case no. 5-09-bk-06378.)

Testimony was offered by the Trustee, William Schwab, Donald Snowell, and the

Debtor, Wendy Hix, along with a number of Exhibits. This is where the evidence becomes extremely muddled.

When Wendy Hix filed her own personal bankruptcy on October 14, 2009, she indicated on her bankruptcy petition that the only other name she had used in the last 8 years was "Wash and Roll." On Schedule B of that Petition she listed an ownership interest in the following corporations: American Auto Mecca, Inc., the Debtor; Snowell's Auto World; and DAS Realty, LP. She also listed but one vehicle on her schedules. In answer to question 18 of her Statement of Affairs, Hix identified the following companies in which she had an ownership interest of 5% or more over the previous six years: American Auto Mecca, Inc.; Snowell's Auto World, Inc.; and Wash and Roll. No other business was identified. With regard to the filing of American Auto Mecca, Inc., Hix, as owner, filed an amended petition page identifying American Auto Mecca and American Auto Mecca Leasing as other names used by the Debtor Corporation. (Document #23.) I cite this information as a backdrop to Wendy Hix's testimony at trial that I found to be credible, but vague.

Wendy Hix was apparently interested in making her fortune when she entered into a business relationship with Donald Snowell. While she invested no cash, she brought into the relationship good credit while Snowell had in-depth knowledge of the used car buy, sell, and lease business. They apparently agreed that Hix would "own" the companies and care for the books while Snowell would operate the companies. While seemingly inconsistent with the ownership arrangement, they also agreed that they would be partners. I can only surmise that the conscious effort to vest full ownership of American Auto Mecca, Inc. into Wendy Hix was purposeful and based on reasons that were not fully articulated at the hearing. There would be

no benefit in speculating as to those reasons.

Donald Snowell testified and explained that he had been an experienced auto dealer, buying, selling, and leasing used vehicles under an assortment of corporations and trade names. He testified that he formed a business relationship with one of the above-captioned Debtors, Wendy Hicks, necessitated by Snowell's poor credit rating. Ms. Hicks, though not familiar with the business operation, had good credit. In a nutshell, Mr. Snowell argued that, although Ms. Hicks' may have owned the stock of American Auto Mecca, Inc., she was not authorized to file the voluntary bankruptcy for that corporation. He added that a similar sounding entity known as American Auto Mecca or American Auto Mecca Rent to Own was not a trade name for American Auto Mecca, *Inc*., but a predecessor company owned by Snowell. None of the cars that were the subject matter of the Motions, he continued, were actually owned by the Debtors, and therefore, the Motions to sell should be denied. He argued that he is the sole owner of the corporate Debtor, while conceding some type of partnership with Hix. (Transcript of 1/5/2010 at 7.)

Snowell's testimony was disjointed and evasive. What appeared consistent was the fact that Snowell made a conscious effort to not attach his name to any property, be it corporate stock or individual automobile titles or leases. He was "off paper" as he put it. (Transcript of 1/5/2010 at 121.) His explanation for that choice was not detailed, although he implied that affixing his name would destroy credit options. Snowell further maintained that he owned and controlled every facet of the business, except the books and the bills, so it was simply unfair for Hix to subject "his assets" to a bankruptcy. Snowell reluctantly acknowledged that he and Hix agreed that they would be 50-50 "partners."

During the hearings, the Trustee produced ample paperwork corroborating his position that Hix was the sole owner of American Auto Mecca, Inc. Snowell produced none to the contrary. A number of related entities were alluded to during the testimony of Hix and Snowell, including American Auto Mecca, American Auto Mecca Leasing, American Auto Mecca Rent to Own, American Auto Mecca, Inc., Wash and Roll, Snowell's Auto World, DAS Real Estate, The Auto King (allegedly owned by Snowell's fiancé), and On the Hill (a friend's company).

Certainly, the vehicles titled in the name of American Auto Mecca, Inc. at the time of the petition filing are property of the estate and can be sold by the Trustee. There was no dispute that Wendy Hix was a legal owner of all the stock in that company. Snowell's position, that he had a *beneficial* interest in the company, need not be resolved at this time and does not alter the *legal* ownership of the corporate stock or the legitimacy of the bankruptcy filing.

As earlier referenced, the Trustee filed two Motions. The first Motion, filed as Documents #91 in case no 5:09-bk-06378 and #31 in case no. 5:09-bk-08029, requests authorization to sell the vehicles *titled* in the name of the Debtors[1] and impounded by the Cumro Township Police Department. Thirty-one vehicles are specifically identified by vehicle identification number. The subject matter of this Motion is vehicles titled to American Auto Mecca, Inc. or American Auto Mecca. The Respondents do not include Mr. Snowell, the objector. While Mr. Snowell disputes the ownership of the vehicles identified as owned by the Debtors, that specific issue is not before me now because Snowell is not a Respondent listed on this free and clear motion. The Trustee is not notifying parties in interest of either a public or

---

[1] A certain degree of ambiguity is created by reason of the fact that each of the Debtors listed trade name(s) that may actually be separate entities not in bankruptcy.

private sale under 11 U.S.C. § 363((b)(1) at this time. Neither is he seeking to establish the validity of the Debtors' interest in property under Federal Rule of Bankruptcy Procedure 7001(2). Such a request would generally require an adversary action. What the Trustee is seeking to do in this Motion is to sell the identified vehicles free and clear of the interests of the named Respondents. The Respondents -- and Mr. Snowell is not a Respondent in the first Motion -- have either not defended the Motion or have entered into a stipulation with the Trustee.

Turning to the second Motion docketed as Documents #106 [5-09-bk-06378] and #37 [5-09-bk-08029], the Trustee has named the same entities as was named in the first sale Motion, with the addition of Respondents, Amy Carabello, dba The Auto King, and Donald Snowell. The 39 vehicles identified in this Motion are presumably titled in the name of The Auto King. While conceding that The Auto King is the sole proprietorship of Amy Carabello as registered with the Pennsylvania Department of State on September 16, 2009, he argues that the listed vehicles were actually owned by the Debtors.

Turning my attention to the specific Motions and their subject matter, little dispute exists that Debtor, American Auto Mecca, Inc., was a corporation, the stock of which was solely owned by Debtor, Wendy Hix. Accordingly, I have no difficulty in ordering that the vehicles titled in the name of either Wendy Hix or American Auto Mecca, Inc. at the time of their respective bankruptcy filings should be the subject matter of the current sale effort. I also find, based on the testimony on this record, that post-petition transfers from either Wendy Hix or American Auto Mecca, Inc, are void. *In re Myers,* 491 F.3d 120, 127 (3d Cir.2007).

A more complex question arises with regard to vehicles that, at the time of Debtors'

filings, may have been owned by the trade name American Auto Mecca or The Auto King, a proprietorship. There was testimony that American Auto Mecca pre-existed the formation of American Auto Mecca, Inc. and was a sole proprietorship of Donald Snowell. There appeared to be an ongoing effort to use this similar sounding entity for various purposes and reasons. Moreover, while Wendy Hix testified that this entity was a proprietorship of Donald Snowell in the early years of its formation, at a later time she paid taxes for that entity as if *she* was the sole owner (Trustee's Exhibit #1) and this, despite the fact that both she and Donald Snowell suggested that they were partners. Having said that, Hix' bankruptcy filing for American Auto Mecca, Inc. indicates that American Auto Mecca was a trade name of the corporation and, presumably, not Hix. The Trustee, on the other hand, argued that American Auto Mecca was Hix' fictitious name. (Audio Record of 3/1/2010 at 10:33 a.m.)

Snowell's testimony was similarly convoluted. He suggested that Hix was the owner of American Auto Mecca, Inc. in name only but that the company was really his even though they agreed to split everything evenly.

Focusing the parties' attention on the procedural posture of the pending matters, I have no problem in authorizing a sale of the Debtors' assets free from the claims of the governmental authorities identified as Respondents. Where I have concern is with regard to the so-called claims of the two non-governmental Respondents, Amy Carabello, dba The Auto King, and Donald A. Snowell.

The record seems to support the argument that some of the identified vehicles are now titled in the name of The Auto King and that these transfers from American Auto Mecca, Inc. occurred after that Debtor filed for Chapter 7 relief. I will conclude that these transfers were not

authorized and were clear violations of the automatic stay. As such they are a nullity.

To the extent that automobiles may have been owned by American Auto Mecca, not the incorporation, at the time of the bankruptcy filing, the Trustee appears to be taking the position that this was merely a trade name for the corporation and/or Wendy Hix. Wendy Hix testified, however, that American Auto Mecca was a trade name for Donald Snowell. Later, she filed a personal tax return as if it was her trade name and, even later, filed a bankruptcy filing for American Auto Mecca, Inc. stating that American Auto Mecca was the Debtors' corporation's trade name. I cannot help but conclude that Wendy Hix does not really know what entity is entitled to use the name American Auto Mecca. Furthermore, the Trustee has not produced the fictitious registration for that entity nor indicated if one is filed. Snowell claims that he trades as American Auto Mecca and has done so for some time.

On this record, I cannot make a finding that American Auto Mecca is a trade name for one of the Debtors and is actually in bankruptcy. Short of that finding, I also cannot conclude that vehicles titled to American Auto Mecca are property of the estate. Unless I so conclude, I cannot reach the operative issue in free and clear sales of whether the Debtors' interest is in "bona fide dispute" under 11 U.S.C. § 363(f).

This incongruous presentation makes obvious to me that this is not the forum to determine property interests between the parties, best reserved for an adversary action under Federal Rules of Bankruptcy Procedure 7001, et seq. Pursuant to such a trial, it is quite possible that I could find there exists an inventory of automobiles owned by Hix, Snowell, American Auto Mecca Inc., or American Auto Mecca, or some type of partnership with yet a separate existence.

It is for these reasons that I will approve the sale of the vehicles titled to American Auto Mecca, *Inc*. and/or Wendy Hix at the time of their respective bankruptcy filings and nullify any transfers from those entities thereafter, but defer to an appropriate adversary action the disposition of any other assets, including those vehicles owned by American Auto Mecca.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: September 10, 2010